IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORIS FLORES, *et al*.,<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER RE JOINT STATEMENT RELATING TO DEFENDANT MORIS FLORES' MOTION TO SUPPRESS EVIDENCE SEIZED FROM 80 FOREST GROVE** |

Defendant Moris Flores previously moved to exclude all evidence seized from Apartment 22 of 80 Forest Grove in Daly City on August 26, 2008, on the basis that the search warrant was facially overbroad and insufficiently particular (Dkt. No. 2000). A September 22 order denied the motion, but found that certain items outside the scope of the warrant may have been improperly seized during the search (Dkt. No. 2300). The order accordingly requested the parties to meet and confer to determine whether the government sought to introduce any items into evidence that defendant Flores contends were seized outside the scope of the warrant. The parties did so and submitted a joint statement on October 26 (Dkt. No. 2441). In it, the parties disputed whether the following items were seized outside the scope of the search warrant: (1) two disposable cameras; (2) film negatives; (3) a lock of hair; and (4) photographs of defendant Flores that do not contain gang signs. Photographs of the disputed items were submitted for review. Based on the record to date, this order finds that the lock of hair and the contested photographs were seized outside the scope of the warrant and must be suppressed. The disposable cameras and film negatives, however, were permissibly seized pursuant to the warrant.

The lock of hair wrapped in tin foil did not plausibly fall within the description of items to be seized. The search warrant authorized seizure of: "Firearm: described as a shotgun, ammunition, blue bandanna, white t shirt, blue jeans, white tennis shoes, indicia, photographs, cell phone(s), videos, and any materials that may be construed to be associated with a criminal street gang, specifically M.S.-13" (Dkt. No. 2000-1 at 3). The warrant clearly did not authorize the seizure of hair and the hair cannot reasonably be construed to be gang-related. Although odd, the hair was not contraband and its seizure was not authorized.

The photographs at issue similarly did not fall within the scope of the warrant. In its opposition to defendant Flores' motion, the government specifically argued that the "photographs" provision of the warrant only authorized seizure of photographs that evinced association with MS-13 (Opp. 20). This interpretation of the warrant prevailed and has not changed. Accordingly, unless any of the disputed photographs at issue evince gang association, they were seized outside the scope of the warrant. The government's contention that certain photographs were seized permissibly because they were evidence of defendant Flores' "association" with Manuel Franco or their occupation and control over the premises is not convincing. The warrant authorized seizure of photographs indicating association with *MS-13* — not photographs that may illustrate defendant Flores' *personal* associations or residence.

In contrast, the *seizure* of the disposable cameras and film negatives was authorized by the warrant. The warrant authorized seizure of photographs indicating association with MS-13, and it would have been reasonable for the officers to believe that the disposable cameras and film negatives contained such material. Officers may seize items they reasonably believe contain materials described in a warrant. *United States v. Giberson*, 527 F.3d 882, 887 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: October 29, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2