MARK ROSENBUSH
Attorney at Law (CSB 72436)
214 Duboce Ave.
San Francisco, CA 94103
Tel: (415) 861-3555
Fax: (415) 255-8631

Attorney for Defendant
MORIS FLORES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 08 0730 WHA |
|---|---|---|
| Plaintiff, | ) | **MOTION IN LIMINE TO EXCLUDE ALLEGED CO-CONSPIRATOR HEARSAY STATEMENTS** |
| vs. | ) | |
| | ) | Date: February 14, 2011 |
| | ) | Time: 8:00 a.m. |
| MORIS FLORES, et. al. | ) | Court: Hon. William Alsup |
| Defendants. | ) | |

Mr. Flores hereby moves the Court to exclude from evidence at his trial, and he objects to the admission of any and all evidence of the following co-conspirator statements proffered by the government, as listed in the government's chart of summaries filed under-seal herewith as Exhibit A:

1. Statement numbers 1, 2, 20, 21, 32, 42, 43, 44, 45, 46, 47, 48, 49, 74, 123, 124, 125, 128, 129, 130, 131, 132, 133, 134, 135, 136, 151, 152, 153, 156, 157, 158, 179, 182, 184, 185, 186, 187, 188, 195, 210, 213, 214, 215, 216, 221, 235, 236, 237, 256, 257, 258, 321, 322, 323, 324, 325, 343, 371, 372, 373, 374, 377, 386, 389, 401 and 402 on the ground that the government has not established that the declarant was a member of the charged conspiracy at the time of the statement.

2. Statements 24 and 184 on the ground that the government's summary does not attribute the statement to a specific declarant.

**DECLARATION OF COUNSEL**

I, Mark Rosenbush, hereby declare:

1. I am an attorney duly licensed to practice law in this judicial district and before this Court. I am counsel for defendant MORIS FLORES in the above captioned case.

2. Filed under seal herewith[1] as "Exhibit A" is a true copy of the government's notice of statements the government intends to admit pursuant to Federal Rule of Evidence 801(d)(2)(E) - co-conspirator statements. For reasons unknown to me, slightly more than half of the government's original list of coconspirator statements was numbered, and the numbering began in the middle of the list. I therefore had the list re-numbered with a continuous set of numbers that starts at the beginning of the list.

I hereby declare, under penalty of perjury under the laws of the United States, that the foregoing is true to the best of my knowledge and belief. Executed this 26th day of January, 2011, at San Francisco, California.

           /s/ Mark Rosenbush
           MARK ROSENBUSH
           Attorney for Defendant
           MORIS FLORES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

I. THE GOVERNMENT MUST ESTABLISH THAT EACH OF THE PROFFERED CO-CONSPIRATOR STATEMENTS WAS MADE A BY A CONSPIRATOR.

A co-conspirator's statement may be admitted against a defendant under Fed. R. Evid. 801(d)(2)(E) "where the prosecution shows by preponderance of the evidence that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the

---

[1] This Exhibit has been lodged with the Court for filing under seal because it names several individuals who are "protected witnesses" within the meaning of the stipulated protective order in this case.

conspiracy; (3) the statement was made 'in furtherance of' the conspiracy." *United States v. Larson*, 460 F.3d 1200, 1211 (9th Cir. 2006). Such statements are admissible under Fed. R. Evid. 801 (d)(2)(E) to show a defendants participation in a conspiracy. *United States v. Peralta*, 941 F.2d 1003, 1007 (9th Cir. 1991). However,

> [b]efore admitting a statement of a co-conspirator into evidence against a defendant, the court must have independent evidence of the existence of the conspiracy and of the defendant's connection to it, and must conclude that the statement was made both during and in furtherance of the conspiracy.

*United States v. Layton*, 720 F.2d 548, 555 (9th Cir. 1983); see also *Peralta*, 941 F.2d at 1007. This requires the government to prove three essential elements by a preponderance of the evidence before a co-conspirator's statement is admitted.. *Bourjaily v. United States*, 107 S. Ct. 2775, 2778 (1987).

While the court can consider the statements themselves as some evidence of these foundational requirements, out-of-court statements are presumptively unreliable and should not be admitted unless corroborated by "fairly incriminating evidence." *See United States v. Silverman*, 861 F.2d 571 (9th Cir. 1988) ("Although . . . FED. R. EVID. 104(a) permits a trial judge to consider the co-conspirator's out-of-court statement in assessing the statement's admissibility, Rule 104(a) does not diminish the inherent unreliability of such a statement. . . . Evidence of wholly innocuous conduct or statements by the defendant will rarely be sufficiently corroborative of the co-conspirator's statement to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy"). This means that coconspirator statements do not necessarily become more reliable when they are corroborated by other co-conspirator statements. *Id*.

The government must prove more than just the existence of the conspiracy before the other defendants' and cooperators' statements are admissible against Mr. Flores. Once an agreement is shown, the government must also produce evidence of a defendant's and the declarant's connection to the conspiracy sufficient to prove knowing participation. *United States v. Dunn*, 564 F.2d 348, 357 (9th Cir. 1977). The government must establish the declarant knowingly participated in a conspiracy. See *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994) ("[A]n accused's knowledge of and participation in an alleged conspiracy with the putative co-conspirator are preliminary facts that must be established, by a preponderance of the evidence, before the co-conspirator's out-of-court statements

can be introduced into evidence."). To establish that the declarant knowingly participated in a conspiracy, "the government cannot rely solely on the [alleged] co-conspirator statements themselves." *Id.* (citing *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988)).

> [M]ere association with members of a conspiracy, the existence of and opportunity to join the conspiracy, or simple knowledge, approval of, or acquiescence in the objective or purpose of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator.

*Melchor-Lopez*, 627 F.2d at 890. Furthermore, close associations are not enough to establish a conspiracy. *United States v. Castaneda*, 9 F. 3d 761 (9th Cir. 1993).

This rule prohibiting mere "guilt by association" mirrors the rule prohibiting the courts from finding reasonable suspicion or probable cause for a search or detention based on mere association with known participants in criminal activity. Cf. *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979); *United States v. Brown*, 951 F.2d 999, 1002-03 (9th Cir. 1991) (allegedly corrupt police officers' mere membership in police unit and presence at apartment where sting operation was conducted did not establish probable cause that the officers were engaged in illegal activity); *United States v. Rubio*, 727 F.2d 786, 793 (9th Cir. 1983) (mere membership in Hell's Angels organization, without facts linking suspect to specific criminal activity, insufficient to establish reasonable suspicion of criminal activity).

Finally, although a pretrial evidentiary hearing is not required, such hearing is requested here because of the number of statements involved. See *Bourjaily*, 107 S.Ct. at 2779 n. 1; *United States v. Tamez*, 941 F.2d 770, 775 (9th Cir. 1991); see also *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (suggesting that a pre-trial determination is appropriate). Without a pre-trial hearing on the admission of the statements, a tremendous amount of court time will be used which will disrupt an orderly presentation of evidence at this trial.

II. THE GOVERNMENT HAS NOT MADE A SHOWING THAT THE STATEMENTS SPECIFIED IN THIS MOTION WERE MADE BY A DECLARANT WHO WAS KNOWINGLY PARTICIPATING IN THE CONSPIRACY.

Mr. Flores asserts that as to nearly all of the statements listed above, the government's only evidence of the alleged declarant's membership in the conspiracy is the proffered co-conspirator statements. The declarants in the listed summaries are not charged conspirators, and the government

has not produced evidence other than the statements themselves that explains when the alleged declarants supposedly joined the conspiracies, what acts by the declarants indicate their knowledge of the conspiracies, or other such evidence the government typically presents in order to establish a defendant's membership in a conspiracy. In some cases, even the true names of the supposed declarants are not stated. For example, the declarants in certain of the listed statements are identified only as "Magik" (#49), "Meow" (#74, 184), "Camaron" (#123-24, 136), "Cartoon" (#125), "Fly (#128-29), "Santos from Normandy" (#133, 185-188), "or "Snoopy from Western" (133, 184).

Other statements in the government's summary are attributed to cooperating government informants. See Exhibit A at #32, #388, #389. Obviously, statements made by active government informants are not made by members of the conspiracies.

The government's summary spreadsheet listing its proffered co-conspirator statements also fails to indicate what role the declarants supposedly play in the conspiracy, when they joined, or what evidence shows the declarants alleged membership. More importantly, the government's proffer does not point to any materials in the discovery wherein the alleged declarants are identified, or where evidence of their membership in the conspiracy the might be found.

In sum, at present there is no evidence before the Court upon which the Court could find that the declarants of the specified statements were knowing members of the conspiracy at the time the statements were made.

## CONCLUSION

The Court should exclude the above listed statements until such time as the government identifies each declarant and establishes each declarant's membership in the charged conspiracies.

DATED: January 26, 2011.                      Respectfully Submitted,

                                                                                        /s/ Mark Rosenbush

                                                               MARK ROSENBUSH
                                                               Attorney for Defendant
                                                               MORIS FLORES