MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
CHRISTINE Y. WONG (NYBN 3988607)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6758
   Facsimile: (415) 436-6753
   E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. S3-08-CR-0730-WHA |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE TO MOTION IN LIMINE RE: GOVERNMENT'S 404(b) DISCLOSURES |
| | ) | |
| IVAN CERNA, et al., | ) | Date: February 14, 2011 |
| | ) | Time: 8:00 a.m. |
| Defendants. | ) | Court: Hon. William Alsup |
| | ) | |

     Defendant Guillermo Herrera moves to exclude evidence that the Government may seek to introduce regarding matters that do not appear on the face of the indictment. *See* Docket No. 3153, joinders filed by Angel Guevara (Docket No. 3175), Moris Flores (3177), Walter Cruz-Zavala (3185), and Daniel Portillo (3195). Defendants argue that the Government's notice that it was not going to introduce evidence pursuant to Rule 404(b) of the Federal Rules of Evidence is

defective because the Government must notify defendants of all evidence that it intends to introduce at trial related to any acts that do not appear on the face of the indictment. Defendants' motion should be denied, as it has no basis in law.

Federal Rule of Evidence 404(b) prevents the admission of "other crimes, wrongs or acts" to prove the character or criminal propensity of the defendant, but allows such evidence to be used for the limited purposes of showing "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This rule does not apply, however, where the evidence that the Government seeks to introduce is directly related to or inextricably intertwined with the crimes charged in the indictment. *See United States v. Lilliard*, 354 F.3d 850, 854 (9th Cir. 2003) (evidence that defendant stole cocaine was directly related to drug trafficking conspiracy). As the Ninth Circuit explained, "[t]he policies underlying Rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993). *See also United States v. Montgomery*, 384 F.3d 1050, 1061-62 (9th Cir. 2004). This is particularly true in the context of RICO prosecutions.

For example, in *United States v. Rubio*, 727 F.2d 786, 797-98 (9th Cir. 1983), the court admitted evidence of the defendant's prior drug conviction as direct evidence, and not pursuant to Rule 404(b), to prove the existence of the racketeering enterprise and association of the defendant in the enterprise. In addition, as Seventh Circuit explained in *United States v. Salerno*, 108 F.3d 730, 739 (7th Cir. 1997), the Government must prove the existence of the enterprise, and evidence introduced to establish the existence and nature of the enterprise is not barred by Rule 404(b)'s prohibitions. Likewise, in *United States* v. *DiNome*, 954 F.2d 839, 843 (2d Cir. 1992), the Second Circuit explained that "[p]roof of [RICO] elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant. . . . ." Significantly, the Ninth Circuit quoted *DiNome* in *United States* v. *Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004).

Here, the Government has charged the defendants with racketeering conspiracy, conspiracy to commit murder in aid of racketeering, and conspiracy to commit assault with a dangerous weapon in aid of racketeering, all spanning from the mid-1990s to the present. In the racketeering conspiracy charged in Count One of the Third Superseding Indictment, the Government alleged that "multiple acts" involving an enumerated list of crimes, including murder, robbery, extortion, drug trafficking, witness retaliation and tampering, and obstruction of justice, were committed by the members of the conspiracy. Although the Government has voluntarily alleged 120 overt acts in the Third Superseding Indictment, the Government was under no legal obligation to allege any overt act at all. *See Salinas v. United States*, 522 U.S. 52, 63 (1997) (holding that RICO conspiracy has no overt act requirement); *United States v. Fiander*, 547 F.3d 1036, 1040-41 (9th Cir. 2008) (same); *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004) (same). There is absolutely no law that limits the Government's proof at trial only to the acts and incidents explicitly alleged in an indictment. Indeed, the Ninth Circuit has held to contrary, holding that "[t]he government need not set out with precision every overt act committed." United States v. Bolzer, 556 F.2d 948, 950 (9th Cir. 1977).

Given the nature of the racketeering-related charges, defendants would be hard pressed to show that the acts that they and others committed as members of MS-13, in furtherance of the enterprise, and during the time period alleged, are not directly related to the crimes charged in the indictment. The Government has no obligation under Rule 404(b) or any other rule to preview its entire case to defendants, as they now demand. The Government's disclosure obligations are set forth in Rule 16, and the Government has fully complied with them and more. During the pendency of this case, defendants have repeatedly demanded that the Government prepare their

//

defenses for them.[1] Their Rule 404(b) motion is simply more of the same, and it should be denied.

DATED: February 2, 2011

Respectfully submitted,

MELINDA HAAG
United States Attorney

By:     /s/
W.S. WILSON LEUNG
WIL FRENTZEN
CHRISTINE Y. WONG
Assistant United States Attorneys

THERYN G. GIBBONS
Trial Attorney

---

[1] For instance, at the parties' last appearance before the Court, counsel for Moris Flores demanded that the Government provide him with a witness list that related each witness to specific charges.