IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MORIS FLORES, *et al*.<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT FLORES' MOTION RE TRIAL GROUPING WITH DEFENDANT MANUEL FRANCO** |

Defendant Moris Flores moves to be severed from the April 4 trial and grouped in the same trial as defendant Manuel Franco (Dkt. No. 3386). Specifically, defendant Flores asserts that he must proceed to trial with defendant Franco because defendant Franco may provide testimony exculpating defendant Flores. For the reasons stated herein, the motion is **DENIED**.

As an initial matter, the motion is untimely. Defense motions to sever were due by December 10, the motions were heard on January 10, and an order on these motions has long since been entered (Dkt. Nos. 2513, 3135, 3395). Defendant Flores' motion to sever made absolutely no mention of his desire to be grouped for trial with defendant Franco and defense counsel failed to make any oral request for such grouping even though: (1) the government agreed in its response to the severance motions that severance of defendant Franco was warranted due to possible *Bruton* problems; and (2) the undersigned specified at the January 10 hearing that it was very likely defendant Franco would be severed (Tr. 67, 68, 71; Dkt. No. 2808).

Regardless, the instant motion fails on the merits. In order to obtain a severance based on an allegation that a codefendant will provide exculpatory testimony after severance, the defendant must show that he will call the codefendant to testify and the testimony will be favorable to the defendant. *United States v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989) (citation omitted). The testimony must be *substantially* exculpatory and the defendant must establish a reasonable probability that the codefendant will offer the exculpatory testimony at the defendant's trial. *United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir. 1991); *United States v. Kaplan*, 554 F.2d 958, 966–67 (9th Cir. 1977).

Defendant Flores' motion does not provide any detail regarding what supposedly exculpatory testimony defendant Franco may offer. The motion simply makes the general assertion that defendant Franco "used his position of considerable influence" over defendant Flores to induce him to join and participate in the charged conspiracy (Br. 2). This is not enough. Defendant Flores is in a position to offer examples of how he was induced or entrapped, yet his motion does not offer any such examples nor any evidence in support.

Similarly, defendant Flores has failed to proffer any basis to believe that defendant Franco would actually testify and offer substantially exculpatory testimony as to defendant Flores. Sheer conjecture that defendant Franco may testify about unspecified matters at his criminal trial is inadequate to establishing a "reasonable probability" that defendant Franco will in fact offer exculpatory testimony if the trials are grouped together. Indeed, defendant Flores himself stated that he is willing to waive any *Bruton* errors that may inure if defendant Franco fails to testify at a joint trial with defendant Flores — in effect acknowledging the very real possibility that defendant Franco may not testify at all (Reply 1).

**IT IS SO ORDERED.**

Dated: March 7, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2