IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MORIS FLORES, *et al*.

Defendants.

No. CR 08-0730 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FLORES' MOTION FOR DISCOVERY RELATING TO MANUEL FRANCO**

Defendant Moris Flores moves for an order directing the government to disclose documents concerning the cooperation of defendant Manuel Franco (Dkt. No. 3402). Specifically, defendant Flores seeks FBI 302 reports of debriefings of defendant Franco, OIA and FBI auhorizations and renewals, audio recordings, records of pecuniary compensation, and other records purportedly related to defendant Franco's cooperation. For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

As stated numerous times before and as reiterated at the hearing, *Brady* is a self-executing responsibility of the government. It is up to the government to identify and disclose *Brady* material to the defense in time for effective use at trial. Putting its *Brady* obligations aside, however, the government must also comply with its discovery obligations under FRCrP 16. FRCrP 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies of portions of any of these items, if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense.

To obtain discovery under the rule, the defendant must make a *prima facie* showing of

materiality. Neither a general description of the information sought nor conclusory allegations of materiality suffice — a defendant must present facts which would tend to show that the government is in possession of information helpful to the defense. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

Here, defendant Flores has asserted that his past personal/familial relationship with defendant Franco support an entrapment defense. Although defendant Flores has not adequately explained how the broad swath of materials sought are needed to investigate an entrapment defense, defendant Flores has articulated a basis to believe a narrow subset of the records may be necessary to substantiate his theory that defendant Franco entrapped defendant Flores and was authorized or encouraged to do so by the government. Accordingly, the government is to produce: (1) such records as necessary (to the extent they exist) to show defendant Franco was a government agent through August 2005 to October 2008; (2) such records as necessary to show any terms of agency by which defendant Franco was authorized to entrap defendant Flores on any of the crimes charged; (3) any records that show defendant Franco in fact induced defendant Flores or planned to induce defendant Flores to commit any crimes charged; and (4) any records that show defendant Franco was authorized or encouraged to recruit individuals into MS-13. Any such records must be produced by **MARCH 25 AT 5 P.M.** If no such records exist, nothing need be produced. The motion is otherwise denied.

Defendants Guillermo Herrera and Erick Lopez move to join in the motion. These joinder motions are **DENIED**. Defendant Flores' motion is based on his alleged entrapment defense — a matter specific to him due to his personal relationship with defendant Franco. In any event, the joinder motions do not sufficiently describe the specific records sought and fail to present facts that would tend to show that the broad swath of material originally sought by defendant Flores would be helpful to the defense.

**IT IS SO ORDERED.**

Dated: March 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2