IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORIS FLORES, *et al*.<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. CR 08-0730 WHA<br><br><br>**ORDER RE DEFENDANT FLORES'**<br>**MOTION FOR DISCOVERY OF**<br>**IMPEACHING INFORMATION** |

In the impending RICO trial of alleged MS-13 gang members, the prosecution intends to introduce many coconspirator statements under Rule 801(d)(2)(E). In turn, Rule 806 allows evidence to attack and, if attacked, evidence to support the credibility of the coconspirator declarant and expressly suspends any requirement that the declarant be afforded an opportunity to deny or explain.

Defendant Moris Flores has moved for an order directing the government to disclose purported impeaching information on non-testifying declarants of coconspirator statements that the government intends to introduce at trial (Dkt. No. 3576). After full consideration of the submissions, supplemental briefing, and argument presented at the March 23 hearing, the motion is **GRANTED IN PART AND DENIED IN PART**.

As has been explained repeatedly, *Brady/Giglio* is a self-executing responsibility on the part of the prosecutor. It is up to the prosecutor to identify and disclose *Brady/Giglio* evidence to the defense in time for effective use at trial. In that sense, the motion is denied,

1 for there is no need for a court order to require compliance with *Brady/Giglio*.

2 Nonetheless, it bears clarifying that statements by out-of-court coconspirator declarants admissible under Rule 801(d)(2)(E) are not exempt from *Giglio*, contrary to the government's argument. Although our court of appeals has not ruled on the issue and there is disagreement among the circuits regarding the applicability of *Giglio* in the context of Rule 806, this order holds that the government's *Brady/Giglio* obligations extend to impeachment of non-testifying coconspirator witnesses under Rule 806. This follows the Second Circuit's view — which rejects the views of the Tenth and Sixth Circuits. *Compare United States v. Jackson*, 345 F.3d 59, 70–71 (2d Cir. 2003) (finding the government's *Brady/Giglio* obligation to disclose exculpatory and impeachment evidence extends to non-testifying witnesses) *with United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) (finding *Giglio* — unlike *Brady* — does not apply to witnesses the government does not call at trial); *United States v. Mullins*, 22 F.3d 1365, 1372 (6th Cir. 1994) (same).[*]

As the Second Circuit explained, the focus should not be on whether a witness testifies, but on whether the evidence is *material* to guilt or innocence. *Jackson*, 345 F.3d at 70. This comports with the core objective of *Brady/Giglio* — to prevent prejudicial suppression of material exculpatory evidence or impeachment evidence favorable to the accused by the prosecutor. *See Hamilton v. Ayers*, 583 F.3d 1100, 1110 (9th Cir. 2009) (citation omitted). While *Giglio* mostly arises in the context of impeachment of testifying witnesses at trial, our court of appeals has never explicitly limited the applicability of *Giglio* to testifying witnesses. The fact that some decisions (such as those cited by the government) make reference to "government witnesses" or "trial witnesses" in describing the government's *Giglio* obligations is not dispositive, as Rule 806 was not at issue in any of those decisions.

---

[*] The decisions from our circuit cited by defendant Flores do not support his contention that our court of appeals has already ruled that the government is required to produce *Giglio* information on coconspirators. As supplemental briefing pointed out, *United States v. Becerra*, 992 F.2d 960, 965 (9th Cir. 1993), was amended so that the critical passage cited by defendant Flores was modified and is no longer supportive of his position, a point counsel should have discovered and pointed out up front. Defendant Flores' citation to *United States v. McFall*, 558 F.3d 951, 963–64 (9th Cir. 2008), is similarly inapposite. *McFall* simply reiterated Rule 806's plain language that a non-testifying coconspirator declarant may be impeached — *McFall* does not at all address the government's *disclosure* obligations under *Giglio*.

2

As stated above, however, the government is only required to disclose *material* information. *United States v. Little*, 753 F.2d 1420, 1440–41 (9th Cir. 1984). No *Brady/Giglio* violation will be established unless the defendant "is able to raise at least a colorable claim that the [disputed items] contained evidence favorable to [him] and material to his claim of innocence or to the applicable punishment." *United States v. Griffin*, 659 F.2d 932, 939 (9th Cir. 1981).

A distinction must be drawn between two different types of out-of-court coconspirator statements, even though both may have been during and in furtherance of a conspiracy. The first type is a *transactional* statement, such as "Let's go rob XX." That kind of statement is not admitted for its truth. It is admitted to help prove up a transaction — the first step in a robbery. The in-court witness heard the statement first-hand and can be cross-examined on whether it the statement was made or not, just as the in-court witness could be cross-examined on any other verbal act or act observed by the witness. As to this category, there is no need to worry about impeachment of the out-of-court declarant because the truth of the statement is not at issue.

The second type is a *declarative* statement purporting to state a historical fact, such as "Defendant Y robbed the victim." Such a statement might have been made after-the-fact, for example, in furtherance of concealment of a crime and in furtherance of a conspiracy. Such a statement by the out-of-court declarant would be admitted for its truth. For this category, evidence attacking the credibility of the declarant, to use the wording of Rule 806, may be admissible and the prosecutor must turn over such items in its files and its agent's files under *Brady/Giglio*. For this category of declarative statements, it is hard to see why out-of-court declarants and in-court declarants should be treated differently under *Giglio* when their statements are both admitted for the truth. Arguably, the need for impeachment is possibly greater in the out-of-court case since the declarants were not under oath and were not subject to cross-examination. Of course, the declarative statement must be material in the first place and, in the second place, the impeachment item must be material to the credibility of the declarant; otherwise, *Brady/Giglio* do not apply.

3

1    We must also remember that a coconspirator is, by definition, part of an alleged
2 criminal offense and already is, by that fact alone, a suspect source. The impeaching material
3 must supply separate cause beyond the alleged criminal enterprise itself to doubt the
4 truthfulness of the declarant or statement, such as evidence that the same coconspirator said
5 exactly the opposite both before and after the statement in question or that the declarant had
6 sustained perjury convictions, to take only two examples. To this limited extent of clarifying
7 the law, the motion is granted.

8    In sum, contrary to the government's assertion, Rule 806 impeachment material is not
9 categorically excluded from *Brady/Giglio*. To the contrary, when the prosecutor places in
10 evidence a material out-of-court statement of historical fact admitted for its truth (as opposed
11 to a transactional statement), it must disclose all material exculpatory and impeaching items
12 pertaining to the declarant in its possession or the possession of its agents and must do so in
13 time for effective use by the defense. Each item must be evaluated on its own by the
14 prosecutor and those that qualify must be turned over. Defendant Flores' sweeping request
15 for broad categories of information, however, is over-expansive.

16    With the foregoing guidance, it is up to the government to determine what information
17 must be disclosed to honor its self-executing duty under *Brady/Giglio*. On that ground, the
18 motion for a court order compelling production is denied.

19    Note well that merely because the government produces *Brady/Giglio* items does not
20 mean they will be automatically admissible. One problem will be out-of-court declarants will
21 not be on the stand to be impeached in the normal way, so evidentiary problems may arise
22 regarding sponsorship of impeaching evidence, impeachment on a collateral point, and
23 impeachment limitations under Rule 403. In honoring its *Brady/Giglio* obligations, however,
24 the prosecutor should not hold items back on the theory that they are unlikely to ever get into
25 evidence.

26    Defendants Jonathan Cruz-Ramirez, Walter Cruz-Zavala, Angel Noel Guevara,
27 Guillermo Herrera, Erick Lopez, and Manuel Franco move to join in the motion (Dkt. Nos.
28 3582, 3585, 3588, 3596, 3602, 3716, 3725). All joinder motions except the motion filed by

4

defendant Franco are **GRANTED**. As stated in the March 23 order, defendant Franco's joinder motion is **DENIED** (Dkt. No. 3778).

**IT IS SO ORDERED.**

Dated: March 24, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE