IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MORIS FLORES, *et al*.

Defendants.

No. CR 08-0730 WHA

**ORDER DENYING DEFENDANT MORIS FLORES'** ***MASSIAH*** **MOTION RE STATEMENTS TO GARRIDO**

Defendant Moris Flores moves to exclude statements alleged to have been elicited by Witness Carlos Garrido in violation of *Massiah v. United States*, 377 U.S. 201 (1964) (Dkt. No. 3210; March 11 Sealed Order). After full consideration of the parties' submissions, oral argument, and the testimony presented at the June 8 evidentiary hearing, this order finds that none of the challenged statements that will be used by the government at trial were elicited in violation of *Massiah*.[1] Each statement is discussed in turn.

As an initial matter, Defendant Flores' alleged statement to Witness Garrido that he had shot someone on the 580 freeway in early 2005 (documented in ROI 630) is not subject to *Massiah* because it was not made when Defendant Flores' right to counsel had attached. Witness Garrido testified the statement was made in early 2006 while Defendant Flores was out of custody and his right to counsel had not attached (Tr. 9336). This

---

[1] During the evidentiary hearing the government notified the Court and the parties that it would not seek to admit Defendant Flores' purported statement that Little Triste and Sleepy had killed someone and Sleepy was stabbed in retaliation (Tr. 9337–38).

statement is in accord with the government's pretrial proffered declaration from ICE Agent Benjamin Horton specifying that Witness Garrido told him in a February 2011 interview that the statement was made in 2006 while neither Witness Garrido or Defendant Flores were in custody (Horton Decl. ¶ 3).

With respect to the later statements made while Witness Garrido and Defendant Flores were housed together in the "E" pod of North County Jail between October 22, 2008, and November 10, 2008, the record does not support Defendant Flores' contention that the government created a situation where the likely result would be Witness Garrido's inducement of Defendant Flores to make incriminating statements without the assistance of counsel. *See United States v. Henry*, 447 U.S. 264, 271 (1980). Although Defendant Garrido met with the government in March 2008 (when different charges were pending against him) to express his interest in cooperation, the record is clear that the government did not say or do anything during that meeting that would impress upon Witness Garrido a need to elicit incriminating statements from any of his codefendants. Instead, Witness Garrido testified that the meeting was only ten minutes long because he obviously lied to the prosecutor about his own involvement in MS-13 and the prosecutor terminated the interview before ever getting into information on others. At the time, Witness Garrido understood the government's rebuff was because of his unwillingness to accept responsibility for his own actions (Tr. 9350–51). Indeed, Witness Garrido testified that he did not wish to cooperate after the meeting because he was not ready to come clean to the government (Tr. 9351). This is consistent with the government's pretrial representation regarding what occurred during the March 2008 meeting.

Witness Garrido did not have contact with the government again until he met with the government on November 10, 2008, and all of the statements at issue *preceded* this meeting (Tr. 9369). This meeting was only a day or two after Witness Garrido informed his attorney he was interested in cooperating. Witness Garrido's request to cooperate was not rebuffed at this second meeting and Witness Garrido was moved from North County Jail the same day. There is no indication in the record, however, that the government

2

|  |  |
|---|---|
| 1 | accepted Witness Garrido's request to cooperate because he provided new information. |
| 2 | Nor is there any indication that Witness Garrido re-approached the government because he |
| 3 | had new information to offer. Instead, Witness Garrido testified he became re-interested |
| 4 | in cooperating because he did not want to partake in an jail escape plot with Defendant |
| 5 | Flores (Tr. 9358). Witness Garrido also testified he did not know what the government |
| 6 | expected from him during this second meeting except to tell the truth (Tr. 9361).[2] |
| 7 | Accordingly, the record does not even contain circumstantial evidence that would suggest |
| 8 | that Witness Garrido had a subjective belief that he needed to collect information from his |
| 9 | codefendants to please the government, let alone that the government *created* a situation |
| 10 | where this would be a likely result. Defendant Flores' motion is accordingly **DENIED**. |

**IT IS SO ORDERED.**

Dated: June 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] Notably, Witness Garrido testified that he believed that the government already knew that Defendant Flores was a leader of the clique and the information Witness Garrido had on that matter was likely not news to the government (Tr. 9362).

3