IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MORIS FLORES, *et al*.

Defendants.
_____/

No. CR 08-0730 WHA

**ORDER GRANTING MOTION FOR LIMITING INSTRUCTION RE DEFENDANT FLORES' FIREARMS POSSESSION IN TWO INSTANCES**

Defendant Moris Flores seeks a limiting instruction regarding Witness Walter Palma's testimony that: (1) Defendant Flores possessed and discharged a .22-caliber firearm while he was in a car with Witness Palma, Defendant Guillermo Herrera, and Defendant Manuel Franco in April 2008; and (2) Witness Palma sold a .45-caliber firearm to Defendant Flores and Defendant Franco in 2008. Specifically, defendant Flores seeks an instruction to the jury that while the incidents may be considered for the conspiracy counts, they may not be considered for Count Four. The motion is **GRANTED** due to the government's failure to include the incidents in the court-ordered bills of particulars. The jury will be instructed that while it may consider the incidents for the conspiracy counts and as predisposition evidence, it may *not* consider the incidents with respect to Count Four.

The government was ordered to submit bills of particulars regarding Count Four on multiple occasions. First, a September 2009 order specified that the government must "plead enough detail for each defendant charged under Count 4 as if each were charged in a separate

1  count" (Dkt. No. 632). Next, a March 2010 order disagreed with the government's view
2  that the third superseding indictment rendered the September 2009 completely moot and found
3  that although the third superseding indictment provided additional detail, further particulars were
4  still necessary (Dkt. No. 1604). The government complied and submitted its first bill of
5  particulars (Dkt. No. 1655). Finally, while an August 2010 order denied Defendant Flores'
6  motion to dismiss Count Four, the order required the government to submit even further
7  particulars regarding Count Four (Dkt. No. 2084). The government again complied and
8  submitted its second bill of particulars (Dkt. No. 2263).

9  Despite these orders, neither of the incidents at issue were included in any of the
10 government's bills of particulars. While it is true that the two incidents fall within the scope of
11 Count Four as described in the Third Superseding Indictment, the bills of particulars were
12 required to allow for adequate preparation for trial by fairly apprising each defendant of the
13 incidents of possession/use he was charged with under Count Four. Of course, a defendant is not
14 entitled to a detailed outline of the government's evidence. In a prosecution of this size and
15 scope, however, prior notice of the specific incidents of possession/use was deemed necessary to
16 ensure the orderly progression of trial. Had the government provided defense counsel with
17 specific notice that these incidents would be testified to by Witness Palma *in advance* of his
18 testimony (even if separate and apart from the bills of particulars), the result may have been
19 different. But no such prior notice was given and counsel for Defendant Flores was not given a
20 full opportunity to investigate the incidents prior to cross-examining Witness Palma.

21 This order, however, rejects Defendant Flores' argument that allowing the incidents to be
22 considered for Count Four would result in impermissible variance. Variance occurs when a
23 defendant is convicted of materially different behavior than that alleged in the indictment.
24 *United States v. Doss*, 630 F.3d 1181, 1191 (9th Cir. 2011). Accordingly, the proper question is
25 not whether the specific incidents were identified in the indictment itself, but whether Count
26 Four alleged the behavior encapsulated by these two incidents. The incidents at issue were
27 clearly encompassed by Count Four's description. Although the jury is being instructed to limit
28 its consideration of the incidents, this is due to the government's failure to include the incidents

in its Count Four bills of particulars as ordered, *not* because the jury's consideration of the incidents would in any way amend the indictment.

**IT IS SO ORDERED.**

Dated: June 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE